PER CURIAM.
We affirm the final summary judgment denying foreclosure of a mortgage based upon the running of the statute of limitations. Appellant, Broward County, sought to foreclose its mortgage with ap-pellee on the grounds that appellee breached a covenant in the mortgage. This covenant obligated appellee to comply with certain reporting requirements of the program under which the promissory note and mortgage were given. The mortgage contained a specific clause allowing acceleration based upon breach of the reporting covenants. It also required the county to notify the appellee if the county exercised its option to accelerate the note.
The county made a written demand for the reporting information in July 2003, and the five-year statute of limitations began to run on that date. The county complied with the notification provision for breaches occurring prior to July 2003. However, the county did not file a cause of action based upon the breach of the reporting covenant until October 2009, and the five-year statute of limitations had expired in July 2008. See § 95.11(2)(b) and (c), Fla. Stat. (2009).
Nevertheless, the reporting requirements are continuing duties under the mortgage, and a subsequent breach of those duties could trigger another demand by the county to cure the default in accordance with the terms of the mortgage or face acceleration. Cf. Central Home Trust Co. of Elizabeth v. Lippincott, 392 So.2d 931, 933 (Fla. 5th DCA 1980) (statute of limitations can run at different times from different installment obligations under note). Our affirmance is therefore without prejudice to a subsequent foreclosure action alleging future breaches of the covenants at issue in this case, if they occur and if the county provides proper notice of acceleration in accordance with the mortgage terms.

Affirmed.

WARNER, STEVENSON and GERBER, JJ., concur.